**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| AARON HAMMACK, | § | |
|        PETITIONER, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:06-CV-0111-A |
| DOUGLAS DRETKE, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, CORRECTIONAL | § | |
| INSTITUTIONS DIVISION, | § | |
|        RESPONDENT. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**
**AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

**A.     NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B.     PARTIES**

Petitioner Aaron Hammack, TDCJ-ID #1077280, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Lamesa, Texas. He is represented by counsel of record Bruce Anton.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

C.      **FACTUAL AND PROCEDURAL HISTORY**

In September 1999, Hammack was charged by indictment in Criminal District Court Number One of Tarrant County, Texas, Case No. 0741435D, with aggravated assault with a deadly weapon. (State Habeas R. at 58.)   On April 19, 2000, pursuant to a plea bargain agreement, Hammack pleaded guilty to the offense and was placed on seven years' deferred adjudication community supervision. (*Id.* at 59-69.)   Hammack did not directly appeal the deferred adjudication judgment; thus the judgment became final under state law thirty days later on May 19, 2000. *See Manuel v. Texas*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999) (holding defendant placed on deferred adjudication may raise issues relating to original plea proceeding only in appeal taken when deferred adjudication is first imposed); TEX. R. APP. P. 26.2(a)(1) (allowing thirty days from the date sentence is imposed or suspended in open court to file notice of appeal in the absence of timely filed motion for new trial).   Thereafter, on December 17, 2001, the trial court adjudicated Hammack's guilt for the offense and sentenced him to twelve years' imprisonment. (Clerk's R. at 74-77.)   Hammack did not appeal the judgment adjudicating guilt; thus the judgement adjudicating his guilt became final thirty days later on January 16, 2002. (Petition at 2.)   TEX. R. APP. P. 26.2(a)(1).

On January 25, 2005, Hammack filed a state postconviction application for writ of habeas corpus, which was denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court on November 23, 2005. *Ex parte Hammack*, Application No. WR-62,890-01, at cover.   In his state application, and now, Hammack asserts that he is actually innocent of the offense for which he was convicted.   Hammack alleges that he was playing cards with James Taylor, Clint Lewis, and Tony Whitt at Whitt's house on the night of August 5, 1999. (Pet'r Memorandum in Support at 5.)   He and Taylor got into an altercation, and Whitt decided to walk him home. (*Id.*)

2

Taylor and Lewis followed them out of the house.  (*Id.*)  At that point, Hammack's handgun was discharged.  (*Id.*)  Hammack alleges that Whitt was the person who fired the handgun and not him. In support of his allegation, he provides his own affidavit, the May 23, 2005 affidavit of Whitt, who now wishes to admit his role in the offense, and the June 25, 2005 affidavit of Lewis, who now contends he does not know who fired the gun.  (*Id.* at 6.)

In response, the state provided proof that on the night in question the witnesses involved reported to law enforcement that Hammack was the person who fired the gun.  (State Habeas R. at 30-34.)  The state also provided written statements taken several days after the incident from Whitt, Lewis, Taylor, and Melinda Whitt, Whitt's wife and Lewis's mother, in which they identify Hammack as the person who fired the gun.  (State Habeas R. at 35-38.)  The state urged that Whitt's recent affidavit admitting culpability was suspect because Whitt waited to come forward with this information only after the statute of limitations had run, precluding his prosecution for the offense. (*Id.* at 27-28, 55.)  Without a hearing, the state habeas court found that the original witness statements were consistent with each other and that the new version of the facts was not as plausible as the original version of the facts.  (*Id.* at 55-57.)  The state court, thus, concluded that Whitt's and Lewis's new affidavits lacked trustworthiness and credibility.  (*Id.* at 55-57.)

Hammack filed this federal petition for writ of habeas corpus on February 9, 2006.[1]  Pursuant to an order dated February 14, 2006, Dretke filed a preliminary response with supporting

---

[1]Typically, a pro se habeas petition is deemed filed when the petition and any attachments are delivered to prison authorities for mailing.  *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). A prisoner represented by counsel in a habeas corpus proceeding, however, is not entitled to the benefit of the "mailbox rule."  *Counsin v. Lensing*, 310 F.3d 843, 847-49 (5th Cir. 2002).

documentary exhibits addressing only the issue of whether the petition is timely.  Hammack filed

a reply.

**D.    ISSUES**

Hammack raises one ground for relief in which he contends newly discovered evidence–in

the form of Whitt's and Lewis's new affidavits, demonstrates his actual innocence.  (Petition at 7.)

**E.    STATUTE OF LIMITATIONS**

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal

habeas corpus relief.  Section 2244(d) provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State court.  The
> limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the
> > conclusion of direct review or the expiration of the time for seeking
> > such review;
> >
> > (B) the date on which the impediment to filing an application
> > created by State action in violation of the Constitution or laws of the
> > United States is removed, if the applicant was prevented from filing
> > by such State action;
> >
> > (C)  the date on which the constitutional right asserted was
> > initially recognized by the Supreme Court, if the right has been newly
> > recognized by the Supreme Court and made retroactively applicable
> > to cases on collateral review; or
> >
> > (D)  the date on which the factual predicate of the claim or
> > claims presented could have been discovered through the exercise of
> > due diligence.
>
> (2)  The time during which a properly filed application for State post-
> conviction or other collateral review with respect to the pertinent judgment or claim
> is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Hammack does not assert and the record does not reflect that any unconstitutional state action impeded his efforts to file a federal application and there are no allegations that the Supreme Court has recognized a new constitutional right applicable to Hammack's claim and made retroactive to cases on collateral review. Therefore, the statutory exceptions embodied in § 2244(d)(1)(B)-(C) do not apply.

Hammack appears to believe that his petition is timely merely because the new affidavits were not available sooner. He asserts that he attempted to subpoena the witnesses for trial, but when they failed to provide helpful testimony, he had no choice but to enter a plea of guilty in light of his extensive criminal history. (Pet'r Rejoinder at 1.) He argues that Whitt and Lewis, who were "unavailable" before, have only now come forward, either due to reluctance or fear of prosecution. (*Id.* at 2.) To the extent this argument could be construed as an argument that the limitations period did not begin to run until Whitt and Lewis recanted their earlier statements by executing the new affidavits under § 2244(b)(1)(D), the argument is unpersuasive. *See Chism v. Johnson*, No. 3-99-CV-2412-BD, 2000 WL 256875, at *2 (N.D. Tex. Mar. 7, 2000) (rejecting argument that petitioner could not have discovered the factual predicate of his claim until witness executed affidavit recanting trial testimony). Hammack does not indicate the date he or his counsel became aware of the specific facts contained in the affidavits, however, as noted by Dretke, Hammack was obviously aware of the fact, if true, that he did not fire the gun on the night in question yet he waited nearly five years after he voluntarily pleaded guilty to the offense to assert his innocence. Thus, although the affidavits as documents may not have existed at the time Hammack pleaded guilty, he has not presented facts to show that the limitation period should commence at a later date under § 2244(d)(1)(D). Moreover, to the extent the new affidavits are being offered in support of

Hammack's claim that he is entitled to habeas relief on the basis of newly discovered evidence of his innocence, he would not be entitled to tolling under § 2244(d)(1)(D), because this newly discovered evidence showing his innocence is actually the claim itself, rather than the factual predicate of an independent claim.  Because claims of actual innocence based on newly discovered evidence do not state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceedings, Hammack is not entitled to tolling under § 2244(d)(1)(D).  *See Graves v. Cockrell*, 351 F.3d 143, 151 (5th Cir. 2003); *Dowthitt v. Johnson*, 230 F.3d 733, 742 (5th Cir. 2000) (quoting *Herrera v. Collins*, 506 U.S. 390, 400 (1993)).  Finally, even if actual innocence would permit federal review of an untimely habeas petition, in light of the other evidence, Hammack has failed to present newly discovered evidence to show that it is more likely than not that no reasonable juror would have convicted him.  *See Bousley v. United States*, 523 U.S. 614, 623 (1998); *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Strass v. Johnson*, 228 F.3d 409, 409 (5th Cir. 2000).

Under § 2244(d)(1)(A), applicable to this case, the federal statute of limitations commenced when the state court's deferred adjudication judgment became final by the conclusion of direct review or the expiration of the time for seeking such review on May 19, 2000, and expired one year later on May 19, 2001, absent any applicable tolling.  *See Caldwell v. Dretke*, 429 F.3d 521, 526-27 (5th Cir. 2005).  Hammack's state habeas application filed after the limitations period had already expired did not operate to toll the limitations period under § 2244(d)(2).  And, as conceded by Hammack, a claim of actual innocence does not constitute the kind of rare and exceptional circumstance to warrant equitable tolling of the limitations period.  (Pet'r Memorandum in Support at 2-3.)  *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).  Absent any applicable tolling,

6

Hammack's petition was due on or before May 19, 2001.  His petition, filed on February 9, 2006, is untimely.

## II.  RECOMMENDATION

Hammack's petition for writ of habeas corpus should be DISMISSED with prejudice as time-barred.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until April 28, 2006.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

**IV.  ORDER**

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until April 28, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April 7, 2006.


  /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE

8