

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| AARON HAMMACK, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | NO. 4:06-CV-111-A |
| § | |
| NATHANIEL QUARTERMAN, § | |
| DIRECTOR, TEXAS DEPARTMENT § | |
| OF CRIMINAL JUSTICE, § | |
| CORRECTIONAL INSTITUTIONS § | |
| DIVISION,[1] § | |
| § | |
| Respondent. § | |

ORDER

Came on for consideration the above-captioned action wherein Aaron Hammack ("Hammack") is petitioner and Nathaniel Quarterman, Director, T.D.C.J., Correctional Institutions Division, is respondent. This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On April 7, 2006, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation, and ordered that the parties file objections, if any, thereto by May 11, 2006. Petitioner timely filed his written objections. Respondent has not made any further response.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a _de novo_

---

[1] On June 1, 2006, Nathaniel Quarterman succeeded Douglas Dretke, the respondent named in the petition, as Director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nathaniel Quarterman is thus automatically substituted as the proper party.

determination of those portions of the proposed findings or recommendations to which specific objection is made. United States v. Raddatz, 447 U.S. 667 (1980). The court need not consider any nonspecific objections or any frivolous or conclusory objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

The magistrate judge found that Lara's petition for writ of habeas corpus is time-barred, and further that, under current Fifth-Circuit precedent, his recent claim of actual innocence is not the kind of rare and exceptional circumstance that warrants equitable tolling. See Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000). Lara's objections do not appear to dispute this finding of fact or conclusion of law. Rather, Lara's objection appears to be that applicable law might change on this issue at some unknown future date. The court is, however, bound by current Fifth-Circuit precedent.

Therefore,

The court accepts the findings, conclusions and recommendation of the magistrate judge and ORDERS that the petition in this action be, and is hereby, dismissed with prejudice.

SIGNED June 30, 2006.

JOHN McBRYDE
United States District Judge

2